UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-93-RJC

| | |
|---|---|
| JUSTIN EDMUNDS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU INGRAM, Sergeant, Lanesboro )<br>Correctional, ANTHONY LOCKETT, )<br>STEVEN J. YAKUBIC, FNU BROWN, )<br>FNU KICKER, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court for initial review pursuant to 28 U.S.C. § 1915(e) and § 1915A.

## I. BACKGROUND

Pro se Plaintiff Justin Edmunds is a prisoner of the State of North Carolina, currently incarcerated at Pasquotank Institution. Plaintiff filed this lawsuit on February 10, 2012, pursuant to 42 U.S.C. § 1983, naming as Defendants "FNU Ingram," identified as "Sergeant, Lanesboro Correctional," Anthony Lockett; Steven J. Yakubik; "FNU Brown;" and "FNU Kicker." Plaintiff alleges the following in his Complaint:

> On April 8th 2010 10:30 am on the date and time stated above officer Lockett and myself were having a verbal dispute because he used profanity towards me. After placing me inside of the recreation cage and therein while signing the 141 record keeping forms. The argument escalated while he was doing his rounds heatedly. More so to the point that officer Lockett came to the recreation cage and threaten to do physical harm to me and I replied that he wasn't man enough. To my surprise he (J.K.) unlocked the door to[o] invitingly and at first I just stood there. But he made like a[n] aggressive type movement in a swing type motion on me and I proceeded to defend myself from his attempt[;] a scuffle took place and [i]n seconds he and officer Yakubie started to hit me in areas of the face and body and then slammed me to the floor and handcuffed my hands behind my back. Upon

> leaving dormitory (B)[,] [t]hey were joined by officers Brown and Kicker and
> they all escorted me to the [sergeant's] office and into a small storage room and
> the 4 of them started to beat me by punching me in my face and stomach while in
> handcuffs from behind my back. I couldn't tell for how long because they were
> knocking me in and out of consciousness. But it ended when [Sergeant]
> Ingram came into his office. And saw what they were doing and intervene[d]. He
> then took me to the medical station [where] my injuries [were] examined.
> Afterwards then assistant unit manager Amy Kattan took pictures of my face
> some time after, head programmer Mr. Parsons and officer Decker also took
> pictures of my face.

(Doc. Nos. 1 at 4; 2 at 3). Plaintiff requests the following in the form of relief:

> The relief I would like to receive for my pain and suffering of lasting wounds,
> money in the area of 10,000 or more for physical damage, distress, future and
> present medical fees.

(Doc. No. 1 at 4).

First, with regard to Plaintiff's Motion to Proceed in forma pauperis, on February 17, 2012, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 4). Plaintiff filed the original Complaint on February 10, 2012. Before service was made on any Defendants, Plaintiff filed a Motion to Amend. On November 20, 2012, the Court entered an Order allowing Plaintiff twenty (20) days in which to file an Amended Complaint. (Doc. No. 7). Plaintiff has not filed an Amended Complaint, and the time allowed by the Court has expired. Therefore, the Court is conducting an initial review of the original Complaint.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

2

redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

The Court finds that the allegations in Plaintiff's Complaint survive initial review as to all Defendants except for Defendant Ingram. Plaintiff sufficiently alleges a claim for excessive force against the remaining Defendants, but he not does allege that Defendant Ingram took part in the excessive force.

The Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return to the Court. Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service. That is, in filling out each summons form, Plaintiff must attempt to identify the name of each Defendant, the position and place of employment for each Defendant, as well as each Defendant's address, to the best of Plaintiff's ability. Once the Court receives the summonses from Plaintiff, the Clerk shall then direct the U.S. Marshal to effectuate service upon the named Defendants.

### IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's Complaint survives initial review with regard to all Defendants except for Defendant Ingram. Defendant Ingram is dismissed from this action.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. §§ 1915(e)(2) and 1915A, with respect to all Defendants except for Defendant Ingram.

2. Defendant Ingram is dismissed from this action.

3. The Clerk is respectfully directed to send summons forms to Plaintiff in accordance with this Order.

Signed: March 22, 2013

Robert J. Conrad, Jr.
Chief United States District Judge